IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT AND |
| MORSE MOVING & STORAGE, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Latasha Black. As alleged with greater particularity in paragraphs 10 through 13 below, the Equal Employment Opportunity Commission alleges that Defendant Employer Morse Moving & Storage, Inc., violated Title VII when it terminated Black's employment in retaliation for her complaining of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Morse Moving & Storage, Inc. (the "Employer"), has continuously been incorporated in the state of Michigan and doing business in the state of Michigan and the city of Romulus, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Latasha Black filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On August 17, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On September 17, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. On or about August 22, 2014, Defendant Employer engaged in unlawful employment practices at its Romulus, Michigan location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a), when it fired Black because she opposed unlawful employment practices.

11. On or about July 18, 2014, Black complained to Defendant Employer's Director of Operations that she believed her trainer was not training her adequately to perform the duties of her position because of her race or sex.

12. On or about August 22, 2014, Black again complained to Defendant Employer's Director of Operations that her trainer made a derogatory race-based comment to her, and that her trainer makes daily race-, sex-, and religion-based comments.

13. On or about August 22, 2014, and a few hours after Black complained about her trainer's race-based comment, Defendant Employer's Director of Operations terminated Black.

14. The unlawful employment practices complained of in paragraphs 10 through 13 above were intentional.

15. The unlawful employment practices complained of in paragraphs 10 through 13 above were done with malice or with reckless indifference to the federally protected rights of Black.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from terminating any employee in retaliation for engaging in a protected activity.

 B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

 C. Order Defendant Employer to make Black whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

 D. Order Defendant to make Black whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 13 above, including job search and medical expenses, in amounts to be determined at trial.

 E. Order Defendant Employer to make Black whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Black punitive damages for its malicious and reckless conduct, as described in paragraphs 10 through 13 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully submitted,

          s/ Laurie A. Young
          LAURIE A. YOUNG
          Regional Attorney

          s/ Kenneth Bird
          KENNETH BIRD
          Supervisory Trial Attorney

Dated: September 29, 2015    s/ Miles Shultz
          MILES SHULTZ (P73555)
          Trial Attorney

          EQUAL EMPLOYMENT
           OPPORTUNITY COMMISSION
          DETROIT FIELD OFFICE
          Patrick V. McNamara
          477 Michigan Avenue, Room 865
          Detroit, Michigan 48226
          Miles.Shultz@EEOC.GOV

Tel. No. (313) 226-6217  
Fax No. (313) 226-6584