UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                      Case Number 15-13442

v.                                      Honorable David M. Lawson

MORSE MOVING & STORAGE, INC.,

        Defendant.
_____/

## **CONSENT DECREE**

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") brought this action against Morse Moving & Storage, Inc. ("MMS" or "Defendant") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation. The Commission alleged that the Defendant violated Title VII when it fired Latasha Black in retaliation for complaining of discrimination. Defendant denies such violation.

As a result of settlement discussions, the Commission and MMS have agreed that this action should be settled by entry of this Consent Decree ("Decree"). It is the intent of the parties that this Decree be a final and binding settlement in full disposition of the claims alleged in the Complaint filed by the Commission.

It is therefore the finding of this Court, made on the pleadings and record as a whole that: (1) the Court has jurisdiction over the parties and subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided below.

Accordingly, pursuant to the consent of the parties, the following is **ORDERED AND ADJUDGED**:

## INJUNCTION

1. MMS, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from retaliating against any employee or applicant for employment because the individual:

   a. has made a charge of discrimination or has opposed an unlawful employment practice under Title VII or any of the laws enforced by the EEOC, or

   b. has assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII or any of the laws enforced by the EEOC.

## TRAINING

2. MMS shall provide training to all of its human resources and managerial employees on unlawful employment practices under Title VII. This training shall include, but not be limited to, Title VII's prohibition against retaliation.

3. All training shall occur at least one time per year for each year this Decree is in effect. For the purpose of calculating a year, the year shall begin on the date this Decree goes into effect. The next year shall begin on that same date the following year. For example: if the Decree goes into effect on May 1, 2016, then Year 2 of Decree begins May 1, 2017.

4. Training for Year 1 of the Decree shall commence no later than three months after the Decree goes into effect.

5. The EEOC maintains the right to send a representative to attend and observe the trainings.

## REPORTING

6. MMS shall submit the following to the EEOC no later than one month prior to the date any training session is scheduled to begin, for the EEOC to review:

   a. Name of entity providing the training;

   b. Date(s) and time(s) of training session(s);

   c. Location(s) of training session(s);

   d. A copy of all written material that the training session(s) will rely on or that will be disseminated at the training session(s); and

   e. A detailed outline of all topics the training session(s) will cover.

7. No later than one month after the completion of each training session, MMS shall provide the EEOC with a certificate of completion or an affidavit asserting the completion of the training(s). The affidavits or certificates of completion shall include the following information:

   a. Date(s) and time(s) of training session(s);

   b. Full name and title of each person who attended the training session(s), and a current list of all managerial and human resources employees.

## NOTICE AND POSTING

8. MMS shall post the Notice, attached as Exhibit A, in all of its locations in areas accessible and visible to all employees for the duration of this Decree.

## OTHER RELIEF

9. MMS will review and, if necessary, modify all policies and practices to ensure a work environment free from retaliation and to allow employees to raise concerns or complaints without

retaliation about matters, whether perceived or actual, made unlawful by Title VII. These written policies will include, at a minimum:

    a.    A commitment to a workplace free of discrimination on the basis of retaliation;

    b.    Clear and complete definitions of retaliation;

    c.    A clear and strong encouragement of persons who believe they have been discriminated against to come forward;

    d.    The identification of specific job titles, with their telephone numbers and e-mail addresses, to whom employees who have experienced discrimination or retaliation can report the alleged discrimination, including a written statement that the employees may report the discrimination to designated persons outside their chain of management; and

    e.    Assurances that MMS will investigate discrimination and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and the appropriate corrective action will be taken by MMS to prohibit discrimination, and retaliation, and that an employee will not be disciplined for making a complaint of discrimination.

### CLAIMANT RELIEF

10.    MMS shall pay a total of $30,000.10 in backpay to Black, minus appropriate withholdings. MMS shall issue a W-2 to Black reflecting payment of this amount, and shall not deduct the employer's portion of any taxes or Social Security. Payment shall be made via payroll for 26 biweekly pay periods in the amount of $1,153.85 beginning May 6, 2016, and paid by direct deposit.

11. Within (10) days of issuance, proof of direct deposit shall be provided to:

> Regional Attorney
> c/o Trial Attorney Miles Shultz
> Equal Employment Opportunity Commission
> 477 Michigan Avenue, Room 865
> Detroit, MI 48226

## DURATION

12. Absent extension, the injunctive and equitable relief in this Decree shall remain in effect for five years from the date it is entered by the Court.

13. This Decree goes into effect on the date it is entered by the Court.

## DISPUTE RESOLUTION AND COMPLIANCE

14. The Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. In the event the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing to MMS specifically identifying the alleged violation. MMS will have fourteen (14) days in which to investigate and respond to the allegation. If the parties are unable to resolve the allegation, the EEOC may petition the Court for relief. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The Court may order such discovery as it deems necessary for purposes of determining compliance. Should the Court determine that Defendant has not complied, the Court may order appropriate relief, including, but not limited to, extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

15. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect premises, interview employees, and examine and copy documents.

16. All reports and materials for EEOC review under this Decree shall be sent to:

> Regional Attorney
> c/o Trial Attorney Miles Shultz
> Equal Employment Opportunity Commission
> 477 Michigan Avenue, Room 865
> Detroit, MI 48226

## MISCELLANEOUS PROVISIONS

17. Each party to this Decree shall bear its own attorney's fees and costs, except as otherwise provided under paragraph 14.

18. The terms of this Decree shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of the Defendant.

19. If Defendant is sold in whole or part, Defendant shall notify any potential bidders and buyers of the Decree.

20. Any modification of the Decree must be approved by the Court.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: April 28, 2016

Consented to by:

s/Miles Shultz
Attorney for the Plaintiff
U.S. Equal Employment Opportunity Commission
477 Michigan Avenue, Suite 865
Detroit, MI 48226
Phone: 313-226-6217
Email: miles.shultz@eeoc.gov

s/Gregory M. Meihn
Attorney for the Defendant
Foley & Mansfield, PLLP
130 East Nine Mile Road
Ferndale, MI 48220
Phone: 248-721-4200
Email: gmeihn@foleymansfield.com

## **EXHIBIT A**

**EMPLOYEE NOTICE**

**EMPLOYEE NOTICE**

**Posted Pursuant to an Agreement Resolving a Charge of Employment Discrimination filed with the**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

This Notice is being distributed and posted by agreement between Morse Moving & Storage, Inc. ("MMS") and the United States Equal Employment Opportunity Commission, resolving Civil Action No. 2:15-CV-13442 in the United States District Court for the Eastern District of Michigan.

The EEOC alleged that MMS violated Title VII of the Civil Rights Act of 1964 when it fired Latasha Black in retaliation for complaining of discrimination. Defendant denies such violation.

The agreement between the EEOC and MMS provided for relief in the form of injunctions against further discrimination, employee training, policy changes, and reporting to the EEOC. The agreement also provided monetary relief for the Charging Party.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual's sex, race, color, religion, national origin, disability, genetic information, or age. Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing, or because an employee has asserted rights under ADA, such as requesting a reasonable accommodation.

MMS will comply with federal law in all respects and will not take any actions against employees because they have exercised their rights under the law. MMS agrees not to discriminate in employment, will conduct a training program on the requirements of Title VII, and will not retaliate against an individual who files a charge of discrimination.

If you have any complaints of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U.S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:

**Equal Employment Opportunity Commission**
**477 Michigan Ave., Room 865**
**Detroit, MI 48226**
**Telephone (313) 226-7638**
**EEOC 800 # 1-800-669-400**
**TTY (313) 226-7599**

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 28, 2016.

                               s/Susan Pinkowski
                               SUSAN PINKOWSKI